IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM MAY,  :
    Plaintiff  :
      :
v.  :    CIVIL NO. AMD 06-221
      :
AARSAND MANAGEMENT, LLC,  :
    Defendant  :

...o0o...

MEMORANDUM OPINION

Plaintiff William May, acting pro se, has here filed an employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), *et seq*. May alleges that he was the victim of race discrimination and retaliation. Discovery having concluded, now pending is defendant's motion for summary judgment. May was provided with the notice ordinarily provided to pro se litigants pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), and he has filed papers in opposition to the motion.* No hearing is needed. The record shows that as a matter of law, defendant is entitled to judgment in its favor, the motion shall be granted.

May, who is Caucasian, was hired as an assistant manager of one of defendant's Taco Bell restaurants in April 2000. Within two years, he had been promoted to General Manager of one of the units. Starting in July 2002 and largely continuously through his ultimate termination in May 2005, May superiors consistently found his performance unsatisfactory

---

*May failed to sign his opposition papers and it appears that he did not serve counsel for defendant with copies of the papers. The clerk shall be directed to scan the papers notwithstanding these deviations from the local rules.

and below standards. Indeed, before long, May was demoted and was again working as an assistant manager. The majority of May's deficiencies seems to have been in his inability to improve his personal interactions with customers and fellow workers, including subordinates.

The precise adverse action giving rise to this case was May's termination. Nevertheless, May testified on deposition to a series of incidents, some of which are clearly outside of the period of limitations and are not encompassed by the charge he filed with the Equal Employment Opportunity Commission, which he apparently would point to as indicia of disparate treatment based on race. In any event, the gravamen of May's claim seems to be that he was treated differently, i.e., more harshly, than an African-American supervisor, Robert Matthews, who also had performance deficiencies. But May has failed to produce even a scintilla of evidence that would permit a rational evaluation of any alleged disparate treatment by management of his deficiencies compared to Matthews.

What the record shows indisputably is that May was regularly counseled by his (Caucasian) superiors as to his sub-par performance, both before and after his demotion from general manager to assistant manager. May disagreed with some of the managerial decisions about his performance (including his superior's overruling his decision to fire an employee), but this clearly is no basis for relief. Indeed, on more than one occasions during his deposition, May disclaimed his belief that any ostensible adverse employment actions taken against him were based on race.

A plaintiff asserting a claim of disparate treatment discrimination may avert summary

judgment using one of two avenues of proof: the "mixed-motive" method or the "pretext" framework. *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 284 (4th Cir. 2004). In a mixed-motive case, a plaintiff may establish a claim by producing direct or circumstantial evidence that discrimination motivated the employer's adverse decision. *Id.* To prevail, the employee need not demonstrate that the prohibited characteristic was the *sole* motivating factor, so long as it was *a* motivating factor. In mixed-motive cases, it is sufficient for the individual to demonstrate that the employer was motivated to take the adverse employment action by both permissible and forbidden reasons. *See* 42 U.S.C. § 2000e-2(m); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101-02 (2003); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 241 (1989).

Alternatively, a plaintiff may proceed under a "pretext" framework: after establishing a *prima facie* case of discrimination, the burden shifts to the employer to establish a legitimate, non-discriminatory reason for the action, whereupon a plaintiff may demonstrate that the proffered reason is actually only a discriminatory pretext. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 807 (1973). At all times, the plaintiff retains the burden of persuasion. *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

In the instant action, plaintiff has produced no direct or circumstantial evidence of discrimination, thus, his success hinges on application of the *McDonnell Douglas* burden-shifting framework. Under *McDonnell Douglas*, May must first establish a *prima facie* case by demonstrating: (1) he is a member of a protected class; (2) he was qualified for the

position and met the employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) the adverse action occurred under circumstances that rationally support an inference of discrimination. *See Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 133 (4th Cir. 2002).

May has satisfied the first element of his prima facie case in that he is a member of a protected class. He utterly fails to project admissible probative evidence as to any of the other three elements of his prima facie case. (Nor has May identified a single fact that might support the conclusion that his termination was in retaliation for his opposition to unlawful discrimination, or in retaliation for the invocation of his rights under anti-discrimination statutes.) Accordingly, the motion for summary judgment shall be granted as to both his discrimination and retaliation claims. An order follows.

Filed: July 23, 2007

_____
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE